UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENYA D. LAWTON,<br><br>                        Plaintiff<br><br>  -against-<br><br>GETTY IMAGES, INC. and<br>GETTY IMAGES (US), Inc.,<br><br>                        Defendants | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kenya D. Lawton ("Lawton"), by his attorneys Lessler & Lessler, for his complaint against the defendants herein, on knowledge as to matters pertaining to himself and on information and belief as to all other matters, alleges:

PARTIES

1. Lawton is a resident and citizen of the State of New Jersey.

2. Defendants are Delaware corporations engaged in the business of media licensing and transact a significant amount of business in the State of New York, with offices at One Hudson Square, 75 Varick Street, Fifth Floor, New York, New York 10013.

3. Defendants make images available to their customers on a fee basis.

JURISDICTION AND VENUE

4. This is a civil action for copyright infringement and unjust enrichment. Lawton brings this action in response to the knowingly unauthorized use of his original, copyrighted Work by

defendants without Lawton's knowledge or consent.

5. This Court has jurisdiction over the copyright infringement claim under 28 U.S.C. 1338; and jurisdiction over the unjust enrichment claim under 28 USC 1332 because Lawton and defendants are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, as well as ancillary jurisdiction.

6. Venue in this Court is proper pursuant to 28 U.S.C. 1400.

### FACTS COMMON TO ALL CLAIMS

7. In 2003 Lawton created a Work comprising a mural relating to a musical celebrity known as Jam Master Jay.

8. Lawton retained copyright in the Work and registered the same on May 16, 2018.

9. The copyright in and registration of the Work are owned by Lawton and no transfer, sale or assignment of the same has occurred.

10. The Work has become iconic of the hip-hop scene and has appeared in various books and other media.

11. In April 2021 Lawton discovered that his Work was displayed on defendants' website and they were offering digital images thereof for download and use upon payment of fees to defendants.

12. Defendants have charged to and collected from third parties fees in consideration of providing such digital images of

the Work to them.

13. The publication by defendants of the Work was without Lawton's knowledge.

14. Lawton holds a registered copyright in the Work, namely his mural of Jam Master Jay, to wit VAu001330486.

15. A true copy of the Work is annexed as Exhibit A.

16. Upon learning of defendants' publication, Lawton, through counsel, sent defendant Getty Images, Inc. a letter dated April 30, 2021 demanding, among other things, that Getty Images, Inc. cease licensing, selling and offering to sell digital copies of the Work, and provide a full accounting of all usage of the Work so that Lawton could formulate a demand for payment for the same.

17. In response to the aforementioned letter, in an e-mail memo dated May 17, 2021 Getty Images refused to cease publication, licensing and/or sale of the Work, falsely asserting it has a right to do so for "editorial" purposes; and falsely stating that the only place the Work appeared on its website was in photos containing "other prominent elements".  See Exhibit B.

18. For example, in one item on its website, Getty Images displayed the Work — without any other "prominent elements" — with the caption "Mural of Jam Master Jay of the Hip Hop group "Run DMC" as seen at a photoshoot for Adidas in Hollis Avenue, Queens on October 05, 2020 in New York City. (Photo by Jose Perez/Bauer-Griffin/GC Images)".  See Exhibit C.

19. Defendants have benefited financially from unauthorized use of the Work both before and after receiving the aforementioned letter.

20. Defendants have falsely implied that the Work is publicly available without authorization by the creator thereof, and have failed to attribute the same to Lawton.

21. Defendant intentionally chose not to check the Copyright Office records regarding the Work, where a search for "Jam Master Jay" would have revealed the subject registration.

FIRST CAUSE OF ACTION
INFRINGEMENT OF REGISTERED COPYRIGHT

22. Lawton repeats the allegations of the preceding paragraphs as though set forth at length herein.

23. Defendants had and have no right to publish, license or sell copies of the Work, including digital images thereof.

24. Defendants have published, licensed and sold copies of the Work and continue to do so, and to profit from the same.

25. The publication, licensing and sale of copies of the Work by defendants constitutes federal statutory copyright infringement under Section 501 of the Copyright Act.

26. Defendants' unauthorized publication, licensing and sale of copies of the Work was and is intentional, willful, in bad faith, and without just cause or excuse.

27. As a result of defendants' acts, Lawton has been and

continues to be damaged in an amount as yet undetermined.

28. Lawton is entitled to recover defendants' profits resulting from their aforementioned conduct; or statutory damages, whichever is greater.

29. Lawton is entitled to enhanced statutory damages in the maximum amount allowed by law, as a result of defendants' intentional, willful, and bad faith conduct, without just cause or excuse.

30. Lawton is further entitled to recover attorney's fees and expenses under Sections 504 and 505 of the Copyright Act.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

31. Lawton repeats the allegations of the preceding paragraphs as though set forth at length herein.

32. Defendants' have unlawfully and financially benefited from unauthorized use of the Work.

33. It would be unjust to allow defendants to retain the profits they have realized by their wrongful conduct a set forth above.

34. Defendants are required to disgorge to Lawton all profits made by their aforementioned unauthorized conduct.

35. Lawton is entitled to recover punitive damages and attorney's fees as a result of defendants' intentional, willful, and bad faith conduct, without just cause or excuse.

WHEREFORE, Lawton demands judgment:

On the First Cause of Action, for the maximum statutory damages or defendants' profits, whichever is greater; attorney's fees and expenses; and an injunction prohibiting defendants from further infringement of the Work;

On the Second Cause of Action, for defendants' profits, punitive damages, and attorney's fees and expenses;

For prejudgment interest on all claims; and

For such other or further relief as the Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Lawton demands trial by jury on all issues so triable.

LESSLER & LESSLER
Attorneys for Plaintiff
540 Old Bridge Turnpike
South River, N.J. 08882
Tel (732) 254-5155
Fax (732) 254-7630
e-mail LesslerA@outlook.com

*Arthur L. Lessler*

Arthur L. Lessler AL6649

Dated: June 7, 2021

# EXHIBIT A



# EXHIBIT B

**Lessler_2@hotmail.com**

| | |
|---|---|
| **From:** | Veronica Langridge <veronica.langridge@gettyimages.com> |
| **Sent:** | Monday, May 17, 2021 1:17 PM |
| **To:** | lesslera@outlook.com |
| **Cc:** | T360Admin; MATTER Lawton, Kenya via Arthur Lessler - 29753 (05c8bd09-1da2-48db-a2ff-505b28116796@pmg.tymetrix360.com) |
| **Subject:** | Getty Images response RE: Kenya D. Lawton |
| **Attachments:** | 3714_001.pdf |

Dear Mr. Lessler,

I hope my email finds you well in these trying times and I would like to thank you for your patience. I write in response to the attached letter to Getty Images dated April 30, 2021.

Getty Images takes intellectual property matters seriously and we have reviewed the concerns you have brought forward. Getty Images is a news agency as well as a general content archive. As such, we will always be in the business of licensing content for a variety of end uses, including editorial uses intended to illustrate a newsworthy moment in time or in culture. Our customers obtain licenses from us to use that content for editorial use. When editorial content is used by Getty Images clients in an editorial context, your client's permission is not required by law.

I would also like to provide some context about how Getty Images is using the content, which I hope will help put your concerns to rest. We partner with other agencies, such as The Washington Post, Bloomberg, Agence France Presse (AFP), Paris Match, McClatchy Tribune, the NBA, Major League Baseball, Sports Illustrated, National Geographic, etc. We share distribution efforts to enhance each other's coverage of events and matters of general interest, as each organization would be challenged to have staff photographers stationed at all points on the globe. This is an industry standard for Getty Images as well as all of the above agencies.

As I'm sure you know, it is the end use that determines whether a use is commercial or editorial in nature, not the initial display, distribution, or license. If the distribution or licensing of content were objected to, no book, magazine, or article would be published. Here, the license type for the photos you identified is "Editorial" which means we offer this content for editorial use only, to support a newsworthy moment in time or to illustrate a matter of general interest. For example, a travel blog about New York may choose an image like this to illustrate typical street scenes while touring in and around New York. The photos that we have on our website which include this mural also have people in them and/or other prominent elements such as the storefront and sidewalk.

We are in the process of adding your client's name to the captions of the images to ensure that the mural is credited as being the work of Kenya D. Lawton.

I am hopeful that this context around our business model and our industry helps you understand the nature of the work that we do, and the many customers we serve.

Regards,
Veronica

**Veronica Langridge** | Claims Manager

1

